# United States District Court
# District of Massachusetts

BELLEVUE CAYET,
      Plaintiff,

                                  C.A. No. 13-12753-RBC

      v.

BOSTON POLICE,
         Defendant.

## ORDER AND REPORT AND RECOMMENDATION

COLLINGS, M.J.

### BACKGROUND

On October 16, 2013, plaintiff Bellevue Cayet ("Cayet"), a resident of Mattapan, Massachusetts, filed a self-prepared Complaint.[1]  He states he does not have [an individual] defendant [to identify]; however, he names the Boston Police as the defendant.  The Complaint is handwritten and sparse, containing only one substantive paragraph.  Cayet alleges that on September 5, 2012, he was a cab driver in Boston. While driving a customer home that evening, at 9:00 p.m., "a Police Boston hit my head at that time, and I made an accident some minutes later.  I went to Bosty [sic] City

---

[1]Attached to the handwritten Complaint was a typed letter essentially asserting the same allegation, although the typed letter indicates that Cayet saw a lawyer for the accident and now seeks to file a case on it. Letter (Docket No. 1 at 3).

hospital for treatment.  This Court has jurisdiction over this matter."  Compl. (Docket No. 1 at 1).

Cayet fails to identify any cause of action.  In the Civil Cover Sheet attached to the Complaint, he erroneously checked off the box indicating the basis of jurisdiction was a "U.S. Government Plaintiff."   Civil Cover Sheet (Docket No. 1-1 at 5).   He also erroneously checked off the box indicating the nature of suit involves an arbitration statute.  Id.  He does not state the relief sought; however, it is presumed that he is asserting personal injury claims for monetary damages as a result of a motor vehicle collision with an unknown Boston Police Officer.

Along with the Complaint, Cayet filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

DISCUSSION

I.   The Motion for Leave to Proceed *In Forma Pauperis*

Cayet's financial disclosures contained in his *in forma pauperis* motion indicate that he is unemployed and receiving disability or workers compensation payments.  He has no other substantial income, savings, or assets.  In light of these disclosures, this Court finds that he cannot afford to pay the $400.00 civil action filing fee.  Accordingly, Cayet's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) will be ALLOWED.

II.   Screening of the Complaint

Because Cayet is proceeding *in forma pauperis*, his Complaint is subject to screening

2

under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Further, in addition to the statutory screening requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction.  In connection with this preliminary screening, Cayet's pro se pleadings are construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

Even under a broad reading, however, this Court considers that dismissal is proper.  Accordingly, this Court will direct that this case be reassigned to a District Judge for ruling on this Report and Recommendation to dismiss this action for the reasons set forth below.

III.    Lack of Subject Matter Jurisdiction

A.     Lack of Federal Question Jurisdiction

Federal district courts have original jurisdiction over "federal question" cases.  A federal question "aris[es] under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1331; <u>Viqueira v. First Bank</u>, 140 F.3d 12, 17 (1st Cir. 1998). A claim arises under federal law within the meaning of

§ 1331 if a federal cause of action emerges from the face of a well-pleaded complaint. <u>See City of Chicago v. International College of Surgeons</u>, 522 U.S. 156, 163 (1997). The well-pleaded complaint rule generally restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of a plaintiff's complaint. <u>Viqueira</u>, 140 F.3d at 17.

Here, Cayet has not identified any *bona fide* federal question at issue in this case. Rather, it reasonably may be presumed he asserts only state tort claims for personal injury arising from the negligence of a Boston Police Officer. There simply is nothing in the Complaint from which any civil rights violation or any violation of federal statutes could be inferred.[2]

---

[2]Even if the Court over-stretched its broad reading to consider a possible civil rights violation is alleged pursuant to 42 U.S.C. § 1983 in order to invoke federal question jurisdiction, this case still cannot proceed because Cayet fails to state a plausible claim upon which relief may be granted against the Boston Police. First, to the extent that the Boston Police is named as the defendant because of some alleged wrongful action of its employee police officer, *respondeat superior* is <u>not</u> a viable theory of liability. <u>Capozzi v. Department of Transp.</u>, 135 F. Supp. 2d 87, 98 (D. Mass. 2001) (citing <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24 (1st Cir. 2000)). "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. <u>Velez-Rivera v. Agosto-Alicea</u>, 437 F.3d 145, 156 (1st Cir. 2006) (quoting <u>Cepero-Rivera v. Fagundo</u>, 414 F.3d 124, 129 (1st Cir. 2005)). "In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" <u>Id.</u> (quoting <u>Carmona v. Toledo</u>, 215 F.3d 124, 132 (1st Cir. 2000)). <u>See Pinto v. Nettleship</u>, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights). Second, the Boston Police is <u>not</u> a suable entity under § 1983. Section 1983 provides in relevant part that "every <u>person</u> (emphasis added) who, under color of statute, ordinance, regulation, custom or usage of any state . . . subjects or causes to be subjected, any citizen of the United States . . . through the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceedings of redress." For purposes of that statute, the Boston Police Department is

In light of this, Cayet has failed to set forth a basis for this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

B.   Lack of Diversity Jurisdiction

In addition to federal question jurisdiction, district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a).  Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).  This Court cannot find that such jurisdiction exists over any purported negligence claim because both Cayet and the Boston Police are presumed to be citizens of Massachusetts and thus there is not complete diversity.

In light of all of the above, this Court will direct REASSIGNMENT to a District Judge and will RECOMMEND to the assigned District Judge that this action be DISMISSED without prejudice for lack of subject matter jurisdiction.  See Northeast Federal Credit Union v. Neves, 837 F.2d 531, 533 (1st Cir. 1988) (vacating judgment and directing district court to dismiss where no diversity jurisdiction existed); Paparella v. Idreco Invest., 858 F. Supp. 283, 284 (D. Mass. 1994) (dismissing).   Under the

---

a non-person and consequently is not subject to suit. Johnson v. Rodriguez, 943 F.2d 104 (1st Cir. 1991) (state agency may not be sued for alleged civil rights violations). Cronin v. Town of Amesbury, 895 F. Supp. 375 (D. Mass. 1995) (granting summary judgment in favor of town police department as not a proper defendant in §1983 action).

circumstances presented in this case, the federal court is not the proper Court to pursue his personal injury claims.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2.  This case shall be <u>REASSIGNED</u> to a District Judge; and

3.  This Court <u>RECOMMENDS</u> to the District Judge to whom this case is assigned that this action be <u>DISMISSED</u>   *sua sponte* without prejudice for lack of jurisdiction.

<u>REVIEW BY DISTRICT JUDGE</u>

The plaintiff is hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  <u>See</u> <u>Phinney v. Wentworth Douglas Hospital</u>,  199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo.</u>

6

Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

SO ORDERED.

/s/ Robert B. Collings

ROBERT B. COLLINGS
United States Magistrate Judge

DATED: November 7, 2013